UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Randy Eastvold,

           Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Michael J. Astrue, Commissioner
of Social Security,[1]

           Defendant.        Civ. No. 03-3054 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendant's Motion to Reopen. For these purposes, the Plaintiff Randy Eastvold appears by Lionel H. Peabody, Esq., and the Defendant appears by Lonnie F. Bryan, Assistant United States Attorney.

By way of brief background, on May 2, 2003, the Plaintiff filed a Complaint, in which he sought a judicial review of the Commissioner's final decision that denied

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, we have substituted him as the named Defendant.

his application for Disability Insurance Benefits ("DIB").  See, Docket No. 1. However, by Order dated July 21, 2003, pursuant to the stipulation of the parties, the District Court, the Honorable Michael J. Davis, Chief Judge presiding, remanded this action to the Commissioner for further consideration, pursuant to Sentence Six of Title 42 U.S.C. §405(g).  See, Docket No. 4.

The Defendant now brings a Motion to Reopen this action, see, Docket No. 5, and he has further filed both an Answer, and a Transcript of the Administrative Record.  See, Docket Nos. 8-9.  Although the Motion of the Defendant is styled as a "Motion to Reopen," the phraseology is something of a misnomer.  As a Remand Order under Sentence Six is interlocutory in nature, see, Robertson v. Sullivan, 925 F.2d 1124, 1125 (8th Cir. 1991), this Court did not lose jurisdiction over the case and, consequently, "[t]here is no need to open (or reopen) * * * what was never closed." Id.; see also, Hafner v. Sullivan, 972 F.2d 249, 251 (8th Cir. 1992)(affirming the Court's conclusion, in Robertson v. Sullivan, supra, after the Supreme Court's decision in Melkoyan v. Sullivan, 501 U.S. 89 (1991)).

In reviewing a final agency decision concerning a claimant's entitlement to Social Security benefits, a District Court may remand a case to the Commissioner, pursuant to Sentence Six of Title 42 U.S.C. §405(g), which provides as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and **shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based**.

[Emphasis added].

Accordingly, remand under Sentence Six does not terminate the Court's jurisdiction. See, <u>Travis v. Astrue</u>, 477 F.3d 1037, 1039 (8th Cir. 2007), citing <u>Shalala v. Schaefer</u>, 509 U.S. 292, 301 (1993); <u>Smith v. Halter</u>, 246 F.3d 1120, 1122 (8th Cir. 2001).

As noted, the District Court remanded this action to the Commissioner, with directions to "further evaluate Plaintiff's physical and mental impairments," to "consider all of the evidence of record, particularly the evidence from the Department of Veteran's Administration," and to "sufficiently explain the reasoning behind his

decision with specific references to the record in support of his decision." <u>Order</u>, <u>Docket No. 4</u>.  The Defendant now advises that the administrative proceeding is complete, and that a Transcript of the Administrative Record has been prepared.  See, <u>Defendant's Memorandum in Support</u>, <u>Docket No. 6</u>.

As a result, the reason for a Sentence Six remand has been cured in a fashion which will allow responsible judicial review, and which was earlier precluded.  Since jurisdiction over this action has remained in this Court, we are persuaded that the judicial review should now proceed on the Administrative Record, inclusive of the Transcript of the original Administrative Hearing.  Accordingly, we recommend that the Defendant's Motion to proceed with judicial review be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

1.That the Defendant's Motion to Reopen [Docket No. 5] be granted.

2.	That, if the District Court adopts this Recommendation, the Plaintiff be directed to file his Motion for Summary Judgment within sixty (60) days after the District Court's Order, which will trigger the briefing schedule contemplated by our Local Rules.

Dated: March 17, 2009			*s/Raymond L. Erickson*
					Raymond L. Erickson
					CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 3, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than April 3, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.